VAN PELT (BULLOCK v.). See Case No. 2,131.

## Case No. 16,870a.

### VAN PELT v. The OHIO.

[Betts' Scr. Bk. 180.]

District Court, S. D. New York. Oct. 17, 1850.

MARITIME LIENS—STATE STATUTES — MATERIALS AND LABOR USED IN CONSTRUCTION.

[To create a lien, under the New York statutes, for materials or labor used in the construction of a vessel, it must appear that, at the time the materials were furnished or labor performed, it was not on the personal or individual credit of another, but that in fact the credit was given to the ship. Appending that credit to the owner, master, agent, or consignee is giving it to the ship.]

[Cited in Udell v. The Ohio, Cases Nos. 14,-321a and 14,322.]

This was a procedure to test the liability of the owner of the Ohio to pay for timber supplied to the builders of the vessel. The libellant [Jacob J. Van Pelt] alleges: That he is a lumber merchant of this city, and he contracted a debt with the owners or agents of the Ohio for timbers and materials used on the construction of that boat to the amount and value of $1,786.26, of which a part has been paid, leaving a balance due of $1,611.10. That, at the time of such supply, Bishop and Simonson were the owners or agents of the Ohio, having been the builders thereof. The answer denies that Bishop and Simonson are such owners, and the respondents allege that Geo. Law, M. O. Roberts, P. M. Wetmore, R. C. Wetmore and Edwin Crosswell were the owners of the Ohio, and Bishop and Simonson only ship builders, who had at the time of the debt two other steamboats in process of construction, viz. the "State of Maine" and the "Red Jacket," and that the timber sold by the libellant was used for all these boats indiscriminately, and not for the Ohio exclusively. The defense also proved that the Ohio was to be paid for by monthly instalments equal to the labor and materials put upon her during the month, that at the day of the launch one of the respondents was on board as agent and superintendent.

THE COURT (JUDSON, District Judge), after recapitulating the main facts pro and con, said that, taking all the facts and circumstances, the presumption is that all the timber furnished except one lot of $175 was sold to Bishop and Simonson on their individual credit, and not on the credit of the Ohio; that the bill constituted a debt against Bishop and Simonson on their individual responsibility, and not as owners or agents of the Ohio. In order to constitute a lien within the meaning of the statute of the state of New York, it should appear that at the time the materials were furnished or labor performed, it was not on the personal or individual responsibility of another, but that in fact the credit was given to the ship. Appending that credit to the owner, master, agent or consignee, is giving it to the ship,

and the liability will continue to remain attached to the ship until the debt shall be paid in full, but in a case where it is apparent from the evidence and from all the surrounding circumstances that the original credit was to an individual then the idea of a lien under the statutes is excluded. The essential element in the evidence to bring this case within the statute, and create the lien, is wanting, and the judgment of the court is that the libel be dismissed.